

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL FUENTES-NUNEZ,<br><br>Defendant. | Case No. 24-MJ-3411<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On June 11, 2024, Defendant Raul Fuentes-Nunez made his initial appearance in this district following his arrest on the petition for violation of the conditions of supervised release and warrant for arrest issued in the Southern District of California on August 23, 2023. Deputy Federal Public Defender, David Menninger, was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney, Diane Roldan. A detention hearing was held.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition: Defendant failed to report to U.S. Probation as instructed within 72 hours of his release from custody in July 2022 and his whereabouts were unknown; In September 2023, Defendant was convicted of Assault with a Deadly Weapon and felon in possession of a firearm and ammunition
>
> ☒ Defendant's criminal history includes felony convictions for illegal re-entry following deportations, felony kidnapping and assault, misdemeanor convictions for drug related offenses and domestic violence, multiple violations of supervised release conditions and law enforcement contacts for threats and domestic violence.
>
> ☒ unverified background information
>
> ☒ lack of bail resources

B.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ criminal history includes recent convictions for assault with a deadly weapon, kidnapping and illegal re-entry following deportation. (see above)

☒ Defendant is subject to a protection order against him which expires in 2026, and Defendant is currently on probation (effective March 28, 2024) with L.A. County.

☒ allegations in the petition (see above)

### III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Southern District of California.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD Menninger in order to monitor the status of defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: June 11, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE